BOISSONNEAULT v FLINT CITY COUNCIL

BOISSONNEAULT v MASON

1. APPEAL AND ERROR—CONSTITUTIONAL LAW—SUPREME COURT.

   Constitutional problems which were neither briefed nor argued will not be considered by the Michigan Supreme Court.

2. APPEAL AND ERROR—SUPREME COURT—STIPULATED FACTS—JURISDICTION—REMAND.

   Michigan Supreme Court cannot in good conscience apply the law as construed to stipulated facts where these "facts" are too abstract and the problem too important for the Court to enter into what would be essentially a guessing game; for this reason, the Court will retain jurisdiction but remand to the trial court for factual testimony.

Appeal from Court of Appeals, Division 2, Quinn, P. J., and J. H. Gillis and T. M. Burns, JJ., affirming Genesee, Donald R. Freeman, J. Submitted April 4, 1974. (No. 5 April Term 1974, Docket No. 54,623.) Decided September 12, 1974.

43 Mich App 767 remanded.

Complaint by Glen A. Boissonneault and Booth Newspapers, Inc., against Carl Mason and other Flint city councilmen for an injunction to restrain defendants from meeting in private for the purpose of discussing or conducting any business of the City of Flint and from precluding any member of the public from attending any such meeting. Judgment for plaintiffs. Defendants appealed to the Court of Appeals. Affirmed. Defendants appeal. Remanded to trial court.

*Jerome F. O'Rourke,* for plaintiffs.

*Patrick H. Hynes,* City Attorney, for defendants.

M. S. COLEMAN, J. Defendants Flint City Councilmen appeal from a judgment and order of the

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur 2d, Constitutional Law §§ 576, 584.
[2] 16 Am Jur 2d, Constitutional Law § 118.

trial court and affirmance by the Court of Appeals
(on different grounds), the effect of which would be
to prohibit informal meetings or discussions by
members of the council pertaining to the business
of the city.[1]

The core question is one of construction of two
statutes which could be interpreted as in conflict.

The constitutional problems of prior restraint, of
freedom of assembly, speech and the press were
neither briefed nor argued and so will not be
considered. The balancing of rights as exemplified
by the now classic observation that your right to
swing your arm ends at the tip of my nose was—
perhaps wisely—omitted from the issues placed
before the Court. This is mentioned only because
the trial judge obliquely brought constitutional
issues into his opinion.

Although we will eventually construe the stat-
utes in question, we cannot in good conscience
apply the law to the stipulated facts. These "facts"
are too abstract and the problem too important for
us to enter into what would be essentially a guess-
ing game. For this reason, we will retain jurisdic-
tion but remand to the trial court for factual
testimony.

The agreed statement of facts are:

" 'Flint city councilmen have met in City Hall at the
request of the city manager on several occasions at
which meetings the public was excluded. Subjects of
discussion generally effect *[sic]* overall policy and on

---

[1] "Members of the Council of the City of Flint are hereby OR-
DERED to conduct public meetings, at which the Plaintiffs herein,
and the general public, are not to be denied admittance, when the
said Defendants, their successors in office, vote on or discuss: 1) any
ordinance, resolution, Motion or, 2) take other official action proposed
by or to the Council dealing with the receipt, borrowing, or disburse-
ment of funds or the acquisition, use or disposal of services or of any
supplies, materials, equipment or other property, or, 3) the fixing of
personal or property rights, privileges, immunities, duties, or obliga-
tion of any person or group of persons."

occasion, may involve items which may require legislative action at a later date.' "

If one were to speculate upon what really occurred in these gatherings, any number of possibilities come into focus. For instance:

1. A firm decision could have been made with only the formalities of a vote remaining.

2. Vague theories could have been tested upon colleagues.

3. A preliminary discussion could have taken place regarding a subject which may or may not ever come to a vote.

4. Legal advice may have been sought from the city attorney.

5. Labor negotiations then taking place may have been the subject.

6. A rumor involving the reputation of an employee could have been discussed.

7. A possible need for land could have been discussed, the knowledge of which might greatly increase the cost to the taxpayers if the probability blossomed into reality.

There are limitless possibilities as subjects of discussion.

However, the "stipulated facts" do limit discussions to those taking place in the city hall at the request of the city manager. The content of the discussions is unclear and specifically will be the focus of this remand.

We cannot apply the law to facts which we do not have.

For this reason, we remand to the trial court for a factual record concerning the character and content of the discussions and meetings in question. We retain jurisdiction.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH,

SWAINSON, WILLIAMS, LEVIN, and J. W. FITZGER-ALD, JJ., concurred with M. S. COLEMAN, J.

## ORDER

Entered December 18. 1974.—REPORTER.

On order of the Court, the motion for special relief and stipulation filed by the parties is considered.

Now it is therefore *ordered,* that the motion for special relief is hereby remanded to the Circuit Court for the County of Genesee for consideration. The relief sought is a modification of the injunction issued by the Circuit Court for the County of Genesee pursuant to a stipulation of the parties as follows:

"Wherefore, both parties move this Court to issue an order modifying the injunction heretofore issued in the Circuit Court of the County of Genesee so that such injunction would provide as follows:

" 'The City Council for the City of Flint, or any members thereof, are restrained from meeting in private for the purpose of making a decision or conducting discussions or deliberations which might lead to a decision involving the city government except for the following purposes:

" '1. To consider the employment and appointment, dismissal, suspension or disciplining of any one of the four appointed officials who serve at the pleasure of the Council;

" '2. To consider the appointment or removal of citizens to City Boards and Commissions, provided however, if a decision is reached to remove such an official said official shall have a right upon request to have a public hearing;

" '3. To discuss strategy sessions and interim reports with respect to collective bargaining or potential or pending litigation;

" '4. To consider preliminary negotiations involving the purchase or sale of property, both real and

personal, but not involving services or the acquisition thereof, except as provided hereinabove;

" '5. To consider records which are specifically exempt by law from public inspection;

" '6. To consider severe threats of riot or insurrection public knowledge of which, in the opinion of the City Council, would be detrimental to efforts to meet or lessen the threat.

" 'Failure of members of the Flint City Council to abide by this stipulation may result in the commencement of contempt proceedings by the plaintiffs herein.

" 'It shall be the continuing duty of the City Attorney, or his Assistant, as Officers of the Court, to report any violation of the Court's injunction as modified hereinabove. Failure to do so shall be regarded as contempt of this Court and subject such attorney to contempt proceedings.' "

The parties shall notify the Clerk of the Supreme Court forthwith of the entry of an appropriate order or consent judgment by the Circuit Court for the County of Genesee, whereupon this Court will dismiss the appeal presently pending before this Court as moot.